# In the United States Court of Federal Claims

No. 19-0038

Filed: May 17, 2019

|  |  |
|---|---|
| ENNIS H. PRATCHER, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER

On January 2, 2019, plaintiff filed his Complaint. *See generally* Complaint (hereinafter "Compl."). On March 4, 2019, the government filed a motion to dismiss under Rules of the Court of Federal Claims ("RCFC") 12(b)(1), (6). *See generally* Defendant's Motion to Dismiss (hereinafter "Def.'s Mot."). Plaintiff's Response was originally due April 1, 2019. The Court, *sua sponte*, extended plaintiff's deadline an additional 21 days from April 12, 2019, requiring plaintiff to respond to the government's Motion on or before May 3, 2019. In the Court's Order, plaintiff was warned that failure to respond on or before May 3, 2019, would result in the dismissal of his claims.

RCFC 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." As *pro se* plaintiffs are, by their nature, unassisted, this Court may sometimes grant a *pro se* plaintiff greater lenience throughout the filing process. However, when a party fails to respond to defendant's motions and to subsequent Court Orders, dismissal is not only appropriate but is required to properly administer justice. "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . ." *Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)).

Accordingly, this case is **DISMISSED**, without prejudice, for failure to prosecute in accordance with RCFC 41(b), and all pending motions are dismissed as moot.

**IT IS SO ORDERED.**

Loren A. Smith, Senior Judge

7017 1450 0000 1346 1550